Cheshire,
No. 4815.

UNION SCHOOL DISTRICT OF KEENE & a.

*v.*

COMMISSIONER OF LABOR.

Argued October 17, 1961.

Decided December 27, 1961.

514

*Goodnow, Arwe & Ayer* (*Mr. Ayer* orally), for the Union School District of Keene.

*Richard R. Fernald* and *Thayer Fremont-Smith,* city solicitors (*Mr. Fremont-Smith* orally), for the city of Keene.

*Gardner C. Turner,* Attorney General, and *William J. O'Neil,* Assistant Attorney General (*Mr. O'Neil* orally), for the defendant.

*John W. King* (by brief and orally), for New Hampshire State Building Trades Council, *amicus curiae.*

LAMPRON, J.  RSA ch. 280 is entitled MINIMUM WAGES OF EMPLOYEES IN PUBLIC WORKS.  Section 1 provides in part as follows: "The rate per hour of the wages paid to mechanics, teamsters, chauffeurs, and laborers employed in the construction of public works by the State of New Hampshire or by a county or town . . . shall not be less than the rate or rates of wages to be determined by the Commissioner of Labor as hereinafter provided; provided, that the wages paid [to the above described employees] employed on said works shall not be less than the wages paid to said employees in the municipal service of the town . . . where said works are being constructed; provided, further . . . that if, in any

of the towns where the works are to be constructed, a wage rate or wage rates have been established in certain trades and occupations by collective agreements or understandings between organized labor and employers, the rate or rates to be paid on said works shall not be less than the rates so established: provided, further, that in towns where no such rate or rates have been so established, the wages paid to said employees on public works, shall not be less than the wages paid in said towns to the employees in the same trades and occupations by private employers in the construction industry."

Section 2 provides in part that "The commissioner shall prepare, for the use of such public officials or public bodies whose duty it shall be to cause public works to be constructed, a list of the several jobs usually performed on various types of public works upon which mechanics, teamsters, chauffeurs, and laborers are employed . . . At least ten days before asking for bids the authorized department or agent prescribing specifications shall request the labor commissioner to ascertain the prevailing wage rate as provided in section 1. The labor commissioner shall immediately determine the prevailing wage rate in such city or town . . . In advertising or calling for bids for said [public] works, the awarding official or public body shall incorporate said schedule in the advertisement or call for bids . . . Said schedule shall be made a part of the contract for said works and shall continue to be the minimum rate or rates of wages for said employees during the life of the contract."

Section 3 (supp) provides that "within fifteen days after such wage rates shall be determined in accordance with the provisions of the preceding sections 1 and 2, such rates may be appealed . . . such appeal to be heard before a board of three . . . [it] shall fix a time and place for a public hearing thereon . . . [and] within forty-eight hours after adjournment . . . the board shall submit its decision in writing."

The great weight of authority and the distinct trend of recent judicial decisions has recognized the authority of a state to prescribe minimum wages for employees of contractors engaged in the construction of public works. *Metropolitan Water Dist.* v. *Whitsett*, 215 Cal. 400, 413; 56 C. J. S., Master and Servant, *s.* 153, *p.* 746. The need and wisdom of this type of legislation is the proper concern of the Legislature. *Baughn* v. *Gorrell & Riley*, 311 Ky. 537, 542. Statutes such as RSA ch. 280, originally adopted in our state in 1941 (Laws 1941, *c.* 118), may be vulnerable to

attack if, as alleged by the district and the city, their administration amounts to an unlawful delegation of the legislative prerogative. *Ferretti* v. *Jackson*, 88 N. H. 296, 302; Note, 47 Va. L. Rev. 828, 856.

"To avoid the charge of unlawfully delegated legislative power, the statute must lay down basic standards and a reasonably definite policy for the administration of the law." *Velishka* v. *Nashua*, 99 N. H. 161, 167. Having done so, the Legislature may vest the executive directed to carry the law into effect with discretionary functions and authority. *Conway* v. *Water Resources Board*, 89 N. H. 346, 351.

RSA ch. 280 provides essentially that the minimum wage of certain specified employees in public works shall be the prevailing wage rate as determined by the Commissioner of Labor for each type of work covered by the act in said city or town. *S. 2.* The rate so fixed by the Commissioner shall not be less than the wages paid municipal employees for that type of work in the locality or in the town or city paying the highest rate if the work is to be in more than one municipality. Nor shall said rate be less than that established in said towns by collective agreements or under-standings between organized labor and employers and in the absence thereof it shall be no less than the wages paid in said towns to employees engaged in the construction industry. *S. 1.*

In the words of Mr. Justice *Cardozo* in *Campbell* v. *New York*, 244 N. Y. 317, 329, "One finds it hard to believe that a cliche so inveterate is devoid of meaning altogether." It has been generally defined as the market rate, the commonly paid rate, the rate generally prevailing in the locality for similar services. *Ryan* v. *New York*, 79 N. Y. Supp. 599; See *Evadan Realty Corp.* v. *Patterson*, 78 N. Y. S. 2d 114, 118; *Albuquerque* v. *Burrell*, 64 N. M. 204; *Baughn* v. *Gorrell & Riley*, 311 Ky. 537, 541; *Metropolitan Water Dist.* v. *Whitsett*, 215 Cal. 400, 414. Prevailing wage rate is in the category of phrases such as "public good," "public convenience and necessity." See *Gordon* v. *Public Service Co.*, 101 N. H. 372, 375. We are of the opinion that in this type of legislation the standards provided by the statute are adequate. *Velishka* v. *Nashua*, *supra.*

In short, the Legislature in the exercise of its constitutional authority has adopted the policy that minimum wages should be paid to certain employees engaged in public works. It has prescribed standards to be followed to establish such a wage rate

for any public project which may be involved. The task of acquiring information, working out the details and applying the rules and standards to specific cases has been conferred to the Labor Commissioner. This is not considered an unconstitutional delegation of legislative authority under our decisions. *Velishka* v. *Nashua, supra; Corning Glass Works* v. *Max Dichter Co.*, 102 N. H. 505, 511; *Roland Electrical Company* v. *Baltimore*, 210 Md. 396.

The school district and the city argue that the findings of fact of the Appeal Board to establish the rates in various categories was not supported by the evidence. As a fact-finding tribunal, the Board was at liberty to accept or reject such portions of the testimony before it as it saw fit. It could place more weight on some testimony and less on some other evidence. Its conclusions are entitled to great weight and are not to be set aside lightly. *Plymouth Fire District* v. *Water Pollution Comm'n*, 103 N. H. 169, 173.

RSA ch. 280 is designed to provide an expeditious determination of wage rates. It necessarily contemplates a procedure which will not involve undue delay and does not require the rigid rules of evidence which prevail in a jury trial. The test on appeal is not whether this court would have arrived at a different conclusion but rather whether we are satisfied by a preponderance of the evidence that the order of the Board was unjust and unreasonable. We cannot so conclude. *Public Service Co.* v. *State*, 102 N. H. 66, 70.

The statute provides that employers and organized employees in the construction industry shall each be represented on the Appeal Board. RSA 280:3 (supp). In the light of this requirement we are of the opinion that the complaint that one member of the Board representing organized employees was "obviously biased" does not require that we reverse its decision.

*Appeal dismissed.*

All concurred.