19968

COVINGTON FABRICS CORP., Appellant, v. SOUTH CAROLINA TAX COMMISSION, Respondent

(212 S. E. (2d) 574)

*Messrs. Herbert, Dial & Windham,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr.,* and *John C. vonLehe, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

*Messrs. Herbert, Dial & Windham,* of Columbia, *for Appellant, in Reply.*

March 10, 1975.

Moss, Chief Justice:

Covington Fabrics Corporation, the appellant herein, brought this action against the South Carolina Tax Commission, the respondent herein, pursuant to Sections 65-2661 and 65-2662, Code of 1962, as amended, to recover the sum of $36,227.32, together with interest thereon, being additional corporate income taxes and corporate license fees assessed by the respondent against the appellant. The taxes so assessed were paid under protest on December 23, 1969.

The respondent, by way of answer, alleged that the additional income taxes and corporate license fees were properly assessed pursuant to the sales factor contained in the tax apportionment formula. Sections 65-279.3 through 65-279.6 of the Code.

This case was referred to the Master in Equity for Richland County, and he was directed to take the testimony and to report his findings of fact and conclusions of law. The Master recommended that the claim of the appellant be denied. The appellant filed numerous exceptions to the Master's Report, and these were heard by the Honorable John Grimball, Resident Judge, who, by his order of January 12, 1974, confirmed the Report of the Master. This appeal followed.

The questions to be decided in this case are whether the respondent properly applied the sales factor of the apportionment formula contained in Sections 65-279.3 through 65-279.6 of the Code and, if such formula was correctly applied, did it produce an unconstitutional result.

The appellant, a corporation existing under the laws of the State of New York, engages in a unitary business both within and without this State and is therefore subject to income and corporate license taxation by this State.

Income tax returns for the tax period ending May 31, 1967, through May 31, 1969, inclusive, were filed by the corporation, and a tax was paid on net income that had been apportioned by use of a three factor formula consisting of the average of the percentages of property in this State to all property, payroll in this State to all payrolls and sales in this State to all sales. The corporation, in the use of the sales factor, allocated slightly more than one (1%) percent of total sales to South Carolina, those being sales delivered to South Carolina customers. The Tax Commission, on audit, however, allocated to this State all sales shipped from South Carolina into other states in which the corporation was not subject to taxation, which resulted in assessments for additional income taxes and interest in the amount of $36,227.32 and corporate license taxes and interest in the amount of $480.78. The tax periods for corporate license taxes were those that ended May 31, 1966, May 31, 1967,

and May 31, 1968, and the amount of the additional assessment was also ascertained by use of the three factor formula.

Of the three factors used in the formula to determine the corporation's net income and license base subject to taxation by this State, only the sales factor is involved in this action. Section 65-279.3 provides for the use of the three factor formula for this class of business and Section 65-279.6, the sales factor, is as follows:

"The ratio of sales made by such taxpayer during the income year which are attributable to this State to the total sales made by such taxpayer everywhere during the income year, and for purposes of this article, sales attributable to this State shall be all sales where the goods, merchandise, or property is received in this State by a purchaser, other than the United States Government. In the case of delivery of goods by common carrier, or by other means of transportation, including transportation by the purchaser, the place at which the goods are ultimately received after all transportation has been completed shall be considered as the place at which the goods are received by the purchaser. Direct delivery into this State by the taxpayer to a person or firm designated by a purchaser from within or without the State shall constitute delivery to the purchaser in this State. *Sales are attributable to this State when the property is shipped from within this State* and the purchaser is the United States Government or *the taxpayer is not taxable in the state of the purchaser*. The word 'sales' as used in this article shall be construed to include rentals of tangible personal property the rentals from which are not separately allocated under this article. Such rentals to be attributed to this State if the property is located in this State. Sales of intangible personal property shall be attributable to this State if the entire income producing activity is within this State, or based on costs of performance the greater proportion thereof is performed within this State." (Emphasis added.)

The underscored language creates the subject of this action because under such these sales are allocated to this State. The appellant contends, however, that the allocation resulted in an unconstitutional tax prohibited by the Commerce Clause of the Constitution of the United States (Article 1, Section 8); the due process clauses of the Constitution of the United States (Section 1 of the Fourteenth Amendment) and the Constitution of South Carolina (Article 1, Section 5), and Section 65-222.2 of the South Carolina Code of Laws which levies the tax upon a base that reasonably represents the proportion of the corporation's business carried on within this State. With such contention, we however, must disagree.

It is well settled that a state has a right to impose a tax on apportioned income derived from business conducted partly within and without the state.

"* * * it has been established since 1918 that a net income tax on revenues derived from interstate commerce does not offend constitutional limitations upon state interference with such commerce. The decision of *Peck & Co. v. Lowe,* 247 U. S. 165, 38 S. Ct. 432, 62 L. Ed. 1049, pointed the way." *Portland Cement Co. v. Minnesota,* 358 U. S. 450, 79 S. Ct. 357, 3 L. Ed. (2d) 421, 67 A. L. R. (2d) 1292. See also *Underwood Typewriter Co. v. Chamberlin,* 254 U. S. 113, 41 S. Ct. 45, 65 L. Ed. 165.

Such also has long been recognized by this Court. *Western Union Telegraph Co. v. Query,* 144 S. C. 234, 142 S. E. 509. We there upheld the right to tax net income arising from interstate operations within the State. In the case of *Santee Mills v. Query,* 122 S. C. 158, 115 S. E. 202, we held that:

"The right of a state to levy an income tax upon income derived by nonresidents from property within the state or from business carried on within the state is settled in the affirmative by the recent decisions of the Supreme Court of the United States in *Shaffer v. Carter,* 252 U. S. 37, 40

S. Ct. 221, 64 L. Ed. 445 and *Travis v. Yale & Towne Mfg. Co.,* 252 U. S. 60, 40 S. Ct. 228, 64 L. Ed. 460." For other cases and comments, see 90 A. L. R. 484 and 67 A. L. R. 1322.

The only change in this area of taxation is that provided by Federal law found in 15 U. S. C. A. § 381. This act of Congress requires minimum contact and activity within a state by a foreign corporation before its income can be taxed by the state and therefore inferentially, if not directly, limits the application of the sales factor found in Section 65-279.6. Such is not relevant in this action however because the evidence supports one conclusion, that being that the corporation in these periods was taxable only in three states; New York, California and South Carolina.

■ The corporation must establish its contention that the statutes impose an unconstitutional tax by "clear and cogent evidence."

"One who attacks a formula of apportionment carries a distinct burden of showing by 'clear and cogent evidence' that it results in extraterritorial values being taxed. See *Norfolk & Western Ry Co. v. North Carolina,* 297 U. S. 682, 688, 56 S. Ct. 625, 628, 80 L. Ed. 977." *Butler Bros. v. McColgan,* 315 U. S. 501, 62 S. Ct. 701, 86 L. Ed. 991. See also *State Ex Rel. Maxwell v. Kent Coffey Manufacturing Co.,* 204 N. C. 365, 168 S. E. 397, 90 A. L. R. 476, affd. per curiam 291 U. S. 642, 54 S. Ct. 437, 78 L. Ed. 1040.

■ The obvious purpose of the apportionment formula is the determination of income from business activities within this State and is a proper subject for legislative action. *State Ex Rel. Maxwell v. Kent Coffey Manufacturing Co., supra.*

■ Although exactness in apportionment is desirable, all that is required is a reasonable approximation.
"Furthermore, this Court has long realized the prac-

tical impossibility of a state's achieving a perfect apportionment of expansive, complex business activities such as those of appellant, and has declared that 'rough approximation rather than precision' is sufficient. *Illinois Central Ry. Co. v. State of Minnesota,* 309 U. S. 157, 161, 60 S. Ct. 419, 422, 84 L. Ed. 670. Unless a palpably disproportionate result comes from an apportionment, a result which makes it patent that the tax is levied upon interstate commerce rather than upon an interstate privilege, this Court has not been willing to nullify honest state efforts to make apportionments." *International Harvester Co. v. Evatt,* 329 U. S. 416, 67 S. Ct. 444, 91 L. Ed. 390, reh den., 329 U. S. 834, 67 S. Ct. 628, 91 L. Ed. 706.

We have not found a case that supports the corporation's contention that the application of three factor formula unreasonably apportions income, nor has one been called to our attention. The formula has however been considered and approved as a reasonable basis for apportioning income. The Supreme Court of the United States, in the case of *Butler Bros. v. McColgan, supra,* held that:

"We cannot say that property, payroll, and sales are inappropriate ingredients of an apportionment formula. We agree with the Supreme Court of California that these factors *may properly be deemed to reflect 'the relative contribution of the activities in the various states to the production of the total unitary income',* so as to allocate to California its just proportion of the profits earned by [the] appellant from this unitary business." (Emphasis added.)

The appellant imports or purchases raw material consisting of greige goods that are converted into salable products, slip covers, draperies and upholstery fabrics by independent contractors at three plants; one at Allen, Massachusetts; one at Gaffney, South Carolina, and the other at Cherokee, North Carolina. Some of the raw material acquired by the appellant is imported through the Port of Charleston, and some is purchased directly from South

Carolina sellers; however, the amount of the same is not found in the record. The appellant's executive offices are located in New York City, and it is at this office that the design, pattern and color scheme for the salable products are set. The three independent contractors finish the raw materials in accordance therewith, and the salable products are shipped to the appellant's warehouse located at McColl, South Carolina. Ten salesmen call upon corporate customers in forty-nine (49) states, and when an order is given it is forwarded to the New York office and, if accepted, a packing order is prepared and sent to the warehouse at McColl. When the packing order is received in McColl, it is there filled and thereafter delivered to a common carrier for shipment to the purchaser. The billing and collecting for the sale is from the New York office, and the appellant has sales offices in New York, Illinois and California.

It is conceded that the business is unitary in nature, therefore its income is attributable to all incidents of the business and not to any single activity.

"That term (unitary) is simply descriptive, and primarily means that the concern to which it is applied is carrying on one kind of business—a business, the component parts of which are too closely connected and necessary to each other to justify division or separate consideration, as independent units." *State Ex Rel. Maxwell v. Kent Coffey Manufacturing Co., supra.* See also Words & Phrases, Vol. 43, p. 499, Unitary Business.

During the tax periods involved, approximately seventy (70%) percent of the appellant's property and seventeen (17%) percent of its payroll were in this State. After allocating the sales shipped into states where the appellant was not subject to taxation to this State, approximaely 55.5% of its income was apportioned to this State, while of its total income only 83% was subject to taxation by all states.

We cannot conclude from the record before us that the allocation of approximately 55.5% of the appellant's income to this State is unreasonable and un-

related to business done in this State. The appellant relies upon the case of *Hans Rees' Sons v. State of North Carolina,* 283 U. S. 123, 51 S. Ct. 385, 75 L. Ed. 879; however, it is not here controlling. We do not find where the corporation has made any effort to break up its business into separate or component elements as was done in that case.

The activities of the appellant in this State constitute a substantial part of the unitary business and the application of the three factor formula does not produce a result that is in conflict with the constitutional provisions referred to, nor does the application of the formula depart from the requirements of Section 65-222.2 of the Code.

The exceptions of the appellant are overruled, and the judgment below is,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.