Belknap
No. 7323

SCOTT & WILLIAMS, INC.

v.

BOARD OF TAXATION

March 31, 1977

190

*Sheehan, Phinney, Bass & Green,* of Manchester, *G. Mitchell Eckel III* and *Richard A. Morse* (*Mr. Morse* orally) for the plaintiff.

*David H. Souter,* attorney general, and *Charles G. Cleaveland,* assistant attorney general (*Mr. Cleaveland* orally), for the defendant.

LAMPRON, J. Pursuant to RSA 77-A:14 (Supp. 1975) plaintiff appealed to the superior court for de novo review of a decision by defendant concerning plaintiff's business profits tax liability for 1970 and 1971. There being no dispute as to the underlying facts, and the parties having filed an agreed statement of facts, the Superior Court (*Batchelder,* J.) reserved and transferred without ruling the questions of law presented.

The primary issue raised in this case is the constitutionality of the sales "throwback rule" contained in RSA 77-A:3 III (Supp. 1975) which sets forth the income apportionment formula for business organizations doing business in this state and in one or more other states. These apportionment provisions are applied only when (1) a business "derives gross business profits from business activity both within and without" New Hampshire, and (2) is "subject to a net income tax, a franchise tax measured by net income or a capital stock tax in another state or is subject to the jurisdiction of another state to impose a net income tax or capital stock tax upon it whether or not such tax is or is not actually imposed."

Under the apportionment formula three factors are used to measure the proportion of business activity within New Hampshire. The first two factors, the New Hampshire percentage of the total payroll and property of the business, are not disputed. Under the third factor, sales, those sales which are delivered outside of New Hampshire, but which are not "taxable" in the state of the purchaser, are allocated to New Hampshire. It is this "throwback rule" which plaintiff attacks as unconstitutional. We hold that it is not. A subsidiary question raised is whether the "throwback" provision applies to sales delivered to foreign countries.

Plaintiff manufactures and sells knitting machines. It is a Delaware corporation qualified to do business in New Hampshire. Its principal business office and sole manufacturing plant are located in Laconia, New Hampshire. Plaintiff also has a sales office in New York City and a sales office and warehouse in High Point, North Carolina. Plaintiff is also qualified to do business in, and makes regular sales of its machinery and parts in Georgia, Massa-

chusetts, New York, and North Carolina. During the tax years in question plaintiff also made sales to other states. During this period plaintiff also made sales to foreign countries, either directly or through a wholly owned subsidiary corporation located in Belgium.

The apportionment provisions of RSA 77-A:3 (Supp. 1975) are designed to measure the proportion of business activity conducted by a taxpayer within New Hampshire. Only a corresponding proportion of the taxpayer's business income is then taxed in this state. We upheld this apportionment formula in *Johns-Manville Products Corporation v. Commissioner of Revenue Administration*, 115 N.H. 428, 343 A.2d 221 (1975), *dismissed for want of a substantial federal question*, 423 U.S. 1069 (1976). Similar apportionment formulas elsewhere have also been upheld against constitutional attacks. *General Motors v. District of Columbia*, 380 U.S. 553 (1965); *Butler Brothers Corp. v. McColgan*, 315 U.S. 501 (1942); *Hans Rees' Sons, Inc. v. North Carolina*, 283 U.S. 123 (1931); *Underwood Typewriter Co. v. Chamberlain*, 254 U.S. 113 (1920). Although New Hampshire has adopted neither the Uniform Division of Income for Tax Purposes Act (U.D.I.T.P.A.) nor the Multistate Tax Compact, the apportionment provisions of RSA 77-A:3 (Supp. 1975), including the sales "throwback rule," are virtually identical to the apportionment provisions contained in those acts. *See* U.D.I.T.P.A., 7 Uniform Laws Annotated 365 (1970); Multistate Tax Compact, CCH State Tax Guide ¶ 35. The apportionment formula of the U.D.I.T.P.A., adopted by South Carolina, was held to be constitutional in *Covington Fabrics Corp. v. South Carolina Tax Comm'n*, 264 S.C. 59, 212 S.E.2d 574 (1975), *dismissed for want of a substantial federal question*, 423 U.S. 805 (1975). Plaintiff contends, however, that because the allocation of sales to New Hampshire depends in part on whether or not sales are "taxable" in the state of the purchaser, the "throwback rule" results in taxation of extraterritorial values. Plaintiff also argues that because the tax laws vary from state to state the term "taxable" in this section renders it unconstitutionally vague.

In any business, profits are determined by the entire series of transactions constituting that business. In the case of a manufacturer this would include the purchase of raw materials, the manufacture of the goods, and finally their sale. *Hans Rees' Sons, Inc. v. North Carolina*, 283 U.S. 123 (1931); *Underwood Typewriter Co. v. Chamberlain*, 254 U.S. 113 (1920). The payroll and

property factors are important in allocating business income to a state where the manufacturing process takes place. The sales factor is used in recognition of the fact that a state which provides a market for a product is entitled to some tax returns on the income which it has helped to produce. Hartman, *"Solicitation" and "Delivery" Under Public Law 86–272: An Uncharted Course,* 29 Vand. L. Rev. 353, 356 (1976); Lynn, *The Uniform Division of Income for Tax Purposes Act,* 19 Ohio St. L.J. 41, 51 (1958).

■■ However, if a state where products are delivered has not provided benefits sufficient to entitle it to tax any portion of the business' income, then it is proper to attribute the production of income from those sales entirely to the state or states which have provided "protection opportunities and benefits" to the business throughout the manufacturing process up to the point of shipment to the purchaser. *Wisconsin v. J. C. Penney Co.,* 311 U.S. 435, 444 (1940). Allocation of such sales to New Hampshire, the state of shipment, under the "throwback rule" therefore does not constitute taxation of extraterritorial values. Rather, it is an allocation of those sales to the state most entitled to levy a tax in return for the opportunities, protections and benefits which it has afforded the taxpayer. The operation of the "throwback rule" may not result in a mathematically precise measure of the proportion of plaintiff's business activities conducted in New Hampshire. However, if the apportionment formula provides for reasonable apportionment of plaintiff's income according to its sources or to the "social costs" generated by plaintiff's business activities, this lack of precision will not render it invalid. *General Motors Corp. v. District of Columbia,* 380 U.S. 553, 561 (1965); *Complete Auto Transit, Inc. v. Brady,* 45 U.S.L.W. 4259 (March 7, 1977). Furthermore RSA 77-A:3 III (Supp. 1975) also provides for modification of the apportionment formula used if it "does not fairly reflect the extent of the business activities of a business organization within this state." Plaintiff has not petitioned for such a modification; nor does plaintiff claim that application of the statutory formula unfairly reflects the proportion of its business activities in New Hampshire.

■ Paragraph III of RSA 77-A:3 (Supp. 1975) does not define the term "taxable" contained in its "throwback rule" provision. However, apportionment of income for tax purposes is not necessary unless a business conducts sufficient business activity in

another state to entitle that state to tax a portion of its income. The purpose of apportionment is both to protect a taxpayer from double taxation on the same income and to provide every state concerned with tax revenues in return for the benefits each has provided. It is therefore proper to define the term "taxable" contained in paragraph III to mean subject to taxation as set forth initially in section 3 defining which businesses come within the apportionment provisions. Thus, if the business is "subject to a net income tax, a franchise tax measured by net income or a capital stock tax" in the state of a purchaser, or if it is "subject to the jurisdiction of [that] state to impose a net income tax or capital stock tax," then the business is taxable in that state for the purposes of the "throwback" provision. *See* Lynn, *The Uniform Division of Income for Tax Purposes Act*, 19 Ohio St. L.J. 41, 50 (1958).

The operation of the sales "throwback" provision therefore does not depend on the various tax laws of the other states. Rather, operation of the provision depends on whether or not a business has sufficient contact with the state of a purchaser to bring it within the taxing jurisdiction of that state. No precise standards for determining when a state may impose an income or capital stock tax have been articulated. However, the minimum requirement for constitutional taxation by a state is determined by the question of "whether a state has given anything for which it can ask return." *Wisconsin v. J. C. Penney Co.*, 311 U.S. 435, 444 (1940); *Northwestern States Portland Cement Co. v. Minnesota*, 358 U.S. 450, 464 (1959); *see Complete Auto Transit v. Brady*, 45 U.S.L.W. 4259 (March 7, 1977). This standard has been made more stringent by a federal statute which prohibits a state from imposing a tax when business activity within a state is limited to solicitation of orders which are both approved and filled outside the state. P.L. 86–272; 15 U.S.C. § 381. Therefore, if a business takes advantage of the opportunities provided by a state to conduct activities which either are beyond mere solicitation of orders, or are otherwise sufficient to provide a taxing nexus according to the standard set forth in *Wisconsin v. J. C. Penney Co. supra*, it comes within the jurisdiction of that state to impose a tax. The income from those sales would not be attributed to the activities of the business in this state when determining the percentage of sales factor of the three part apportionment formula. We hold that the

"throwback" provision does not render the apportionment portion of the business profits tax act unconstitutionally vague as plaintiff argues.

■■■ Plaintiff also argues that the use of a federal definition of taxability violates the New Hampshire Constitution. However, in *Shangri-La, Inc. v. State,* 113 N.H. 440, 309 A.2d 285 (1973), we held otherwise. Such a definition is appropriate in view of the objectives of income apportionment among states. *Estate of Kennett v. State,* 115 N.H. 50, 54 333 A.2d 452, 455 (1975). Because there are statutory standards for determining taxability, we disagree with plaintiff's contention that the "throwback rule" constitutes an excessive delegation of authority to the commissioner of revenue administration. *Union School District v. Comm'r of Labor,* 103 N.H. 512, 516, 176 A.2d 332, 335 (1961).

■■ Despite criticisms of the record-keeping burden required of multi-state business organizations for purposes of apportionment formulas, *see* Justice Frankfurter's dissent in *Northwestern States Portland Cement Co. v. Minnesota,* 358 U.S. 450, 474 (1959), we do not agree with plaintiff that this burden, if it exists, renders unconstitutional the apportionment formula contained in RSA 77–A:3 (Supp. 1975). In addition, because plaintiff, not defendant, is in the best position to determine the extent and nature of its business activity in other states, the burden is properly placed on plaintiff to produce evidence that it is taxed or taxable in the states where its sales are delivered. *Johns-Manville Prods. Corp. v. Commissioner of Revenue Adm'n,* 115 N.H. 428, 430, 343 A.2d 221, 222 (1975), *dismissed for want of a substantial federal question,* 423 U.S. 1069 (1976).

Plaintiff also argues that the sales "throwback rule" is a denial of equal protection because it results in the tax burden falling unequally upon "foreign corporations having identical sales and identical contacts with the State." This argument is based on a false premise. If two corporations with identical total business activity are taxed differently by virtue of the "throwback rule", this is because they do not have identical business contacts with New Hampshire. The amount of a corporation's business activity within New Hampshire will be determined in inverse proportion to the amount of that corporation's business activity in other states. If a corporation conducts sufficient business activity in other

states to render it taxable in those states, the amount of its business activity in New Hampshire will necessarily be less in comparison to a corporation whose business activity in other states is not of a sufficient amount to render it taxable in some or all of those states. As we apply a uniform standard to determine taxability in other states, all corporations having identical out-of-state contacts will be treated in the same manner in New Hampshire under the "throwback rule." Plaintiff's equal protection argument must therefore fail.

 Contrary to plaintiff's contentions, we hold that RSA 77-A: 3 III (Supp. 1975) does not deprive plaintiff of its property without due process, is not an undue burden on interstate commerce, does not violate the equal protection clause, and its "throwback rule" is not unconstitutionally vague. We hold RSA 77-A: 3 III (Supp. 1975) constitutional.

The agreed statement of facts, prepared by the parties in the superior court, contains a statement that "[i]n all sales areas . . . [plaintiff] rendered on occasion services which are accepted as beyond the mere solicitation of sales, such as sending personnel to aid in installing machines, to aid in difficult on-the-scene repairs, to conduct training of operating personnel in the use of machinery sold, etc." Plaintiff had not, however, introduced any evidence regarding this activity, either at the audit or before the commissioner of taxation. It is defendant's position that even if there are such contacts in other states as are alleged by plaintiff, these contacts are not sufficient to render plaintiff taxable in those states.

 It has been held in other jurisdictions that when the business activity of a taxpayer in another state exceeds the threshhold level of mere solicitation set by P.L. 86–272, the taxpayer is entitled to apportion its income for tax purposes. *Coors Porcelain Co. v. State,* 183 Colo. 325, 517 P.2d 838 (1973); *Iron Fireman Mfg. Co. v. State Tax Comm'n,* 251 Ore. 227, 445 P.2d 126 (1968); *Cal-Roof Wholesale, Inc. v. State Tax Comm'n,* 242 Ore. 435, 410 P.2d 233 (1966). We have construed "taxable" in the "throwback" provision of RSA 77-A: 3 III (Supp. 1975) as meaning the same as "subject to the jurisdiction" of a state to tax for purposes of entitling a business to apportion its income. If a taxpayer has exceeded the threshhold requirement of P.L. 86–272 in a state where it makes sales, then it is taxable in that state for purposes of the

"throwback" provision. *See* Hartman, *"Solicitation" and "Delivery" Under Public Law 86–272: An Uncharted Course,* 29 Vand. L. Rev. 353, 392 (1976). We hold, therefore, that if plaintiff is able to prove its allegations as to services which are "beyond the mere solicitation of sales" in other states, then it is taxable in those states. None of those sales therefore can be allocated to New Hampshire as part of the sales factor under RSA 77-A:3 III (Supp. 1975).

Plaintiff and defendant agree that the term "state" contained in RSA 77-A:3 (Supp. 1975) includes foreign countries, and that the sales "throwback" provision applies to sales delivered in foreign countries. *See* U.D.I.T.P.A. § 1(h), 7 Uniform Laws Annotated 368 (1970). Whether or not the foreign countries where plaintiff delivers sales have jurisdiction to impose on plaintiff a net income tax or capital stock tax will depend on the taxing powers of each country. We note that the provisions of P.L. 86–272 have no bearing on the power of foreign countries to tax. As we have nothing in the record before us regarding the taxing powers of Belgium and other foreign countries where plaintiff delivers its products, we are unable to determine whether or not such sales were properly allocated to New Hampshire under the "throwback rule." We remand the case for determination of whether plaintiff is taxable in any of the states or foreign countries where it makes sales.

*Remanded.*

Bois and Douglas, JJ., did not sit; the others concurred.