Grafton
No. 7575

NEW JERSEY MACHINE OF NEW HAMPSHIRE, INC.

v.

STATE OF NEW HAMPSHIRE
DEPARTMENT OF REVENUE ADMINISTRATION

March 31, 1977

*Stebbins & Bradley* and *Daniel J. Connolly,* of Hanover (*Mr. Connolly* orally) for the plaintiff.

*David H. Souter,* attorney general, and *Wilbur A. Glahn III,* assistant attorney general (*Mr. Glahn* orally) for the state.

LAMPRON, J.   This is an action under RSA 77-A:14 (Supp. 1975) for de novo review by the superior court of a determination by defendant department of revenue administration upholding an assessment of deficiencies in the business profits tax paid by plaintiff for the tax years 1970, 1971, and 1972. There being no dispute as to the underlying facts, and the parties having filed an agreed statement of facts, the Superior Court (*Johnson,* J.) reserved and transferred without ruling all questions of law presented.

The first issue plaintiff raises is the constitutionality of the sales "throwback" provision of RSA 77-A:3 III (Supp. 1975). The second issue raised by plaintiff concerns whether, in the event the provisions of RSA 77-A:3 III (Supp. 1975) are upheld, New Jersey and not the state of delivery should be considered the "state of the purchaser" for all sales of plaintiff's products.

Plaintiff is a New Hampshire corporation engaged in the manufacture of machines and parts used in filling, capping, labelling and printing in conjunction with various types of packaging. Plaintiff's principal place of business is in Lebanon, New Hampshire, where its manufacturing facilities are located. It is not registered to do

business in any other state. It agrees that 100% of the payroll factor in the "apportionment" formula should be allocated to New Hampshire.

All outstanding shares of plaintiff's stock are held by NJM, Inc., a New Jersey corporation with its principal place of business in Hoboken, New Jersey. The corporate officers of plaintiff are all corporate officers or employees of NJM, Inc. and maintain their offices in Hoboken. Plaintiff's production decisions, accounting, and other managerial functions are performed at the New Jersey offices by these people. All plaintiff's books and records are maintained in New Jersey.

Orders for machines and parts manufactured by plaintiff are placed with NJM, Inc., and payment is made to NJM, Inc. NJM, Inc., then pays plaintiff, who manufactures the products and ships them according to specifications and instructions provided by NJM, Inc. In this manner plaintiff makes shipments of its products to a number of states, including New Jersey. However, plaintiff has not undertaken the substantial time and expense necessary to determine what portion of these sales were delivered in each state.

■ In *Scott & Williams, Inc. v. Board of Taxation*, 117 N.H. 189, 372 A.2d 1305 (1977), we held the sales "throwback" provision contained in RSA 77-A:3 III (Supp. 1975) to be constitutional. As plaintiff's challenge in this case is identical, we need not address the issue again.

We turn to plaintiff's second argument. Plaintiff argues that because all contracts for the sale of its products are effectuated by its parent corporation, NJM, Inc., in New Jersey, NJM, Inc., must be considered the purchaser of all its products and New Jersey the "state of the purchaser" for purposes of RSA 77-A:3 III (Supp. 1975). If plaintiff is taxable in New Jersey as it alleges, N.J. Rev. Stat. § 54:10A-2, the consequence of this approach would be to allocate none of plaintiff's sales to New Hampshire under the sales factor of the apportionment formula contained in RSA 77-A:3 III (Supp. 1975).

■ Under the sales allocation provisions, however, the place of contract is not a relevant consideration. When goods are shipped to a purchaser located in New Hampshire, those sales are all allocated to this state "regardless of f.o.b. point or other conditions of sale." RSA 77-A:3 III (Supp. 1975). When goods are shipped from within New Hampshire to purchasers in other states, those sales

are also allocated to this state if the business organization is not taxable in the state of the purchaser. The statute thus measures and compares activity in the state of the origin of shipment to activity in the state of the destination of shipment and these sales are "thrown back" to the point of origin in New Hampshire. The purposes behind using sales as one of the three factors in the apportionment formula is to afford recognition of the market opportunities provided by the states where the purchasers of a taxpayer's products are located. *Scott & Williams, Inc. v. Board of Taxation,* 117 N.H. 189, 372 A.2d 1305; Hartman, *"Solicitation" and "Delivery" Under Public Law 86–272: An Uncharted Course,* 29 Vand. L. Rev. 353, 356 (1976); Lynn, *The Uniform Division of Income for Tax Purposes Act,* 19 Ohio St. L.J. 41, 51 (1958). The market for plaintiff's products is not New Jersey, but consists of all the states where the ultimate purchasers are located. Therefore, the "state of the purchaser" should be defined as these states and not New Jersey, the state where NJM, Inc. is located. *See Covington Fabrics Corp. v. South Carolina Tax Comm'n,* 264 S.C. 59, 212 S.E.2d 574 (1975), *appeal dismissed for want of a substantial federal question,* 423 U.S. 805 (1975); *cf.* Uniform Division of Income for Tax Purposes Acts 16, Commissioner's note, 7 Uniform Laws Annotated 377 (1970). Although we may acknowledge the separate corporate identities of plaintiff and its parent, *see Commonwealth v. Hellertown Mfg. Co.,* 438 Pa. 134, 264 A.2d 382 (1970), we cannot consider NJM, Inc., to be the purchaser of plaintiff's products for purposes of RSA 77-A:3 III (Supp. 1975).

Defendant therefore properly determined the "state of the purchaser" to be the states where the ultimate purchasers of plaintiff's products are located. The burden is on plaintiff to show that it is taxable in those states in order that those sales not be "thrown back" to New Hampshire under the sales allocation provision. *Scott & Williams, Inc. v. Board of Taxation,* 117 N.H. 189, 372 A.2d 1305.

*Remanded.*

Douglas, J., did not sit; the others concurred.