Hillsborough
No. 78-052

PANDORA INDUSTRIES, INC.

v.

STATE OF NEW HAMPSHIRE
DEPARTMENT OF REVENUE ADMINISTRATION

December 29, 1978

*McLane, Graf, Greene, Raulerson & Middleton P.A.*, of Manchester (*James C. Hood* orally), for the plaintiff.

*Thomas D. Rath*, attorney general (*Wilbur A. Glahn*, assistant attorney general, orally), for the State.

PER CURIAM. ▮ This is an appeal pursuant to RSA 77-A:14 (Supp. 1977) from a decision of the commissioner of the department of revenue administration. The issue presented is whether a multi-state business organization with its principal place of business in New Hampshire may include commissions paid by it to independent non-employee salesmen in the calculation of its "payroll factor" under the allocation formula set forth in RSA 77-A:3 (Supp. 1977). For the reasons that follow we hold that it may not.

This case arose as a result of a ruling made by the commissioner during a hearing held pursuant to RSA 77-A:13 at which the plaintiff, Pandora Industries, Inc. (Pandora), challenged an audit determination made by the department's division of audits concerning Pandora's 1972, 1973, and 1974 business profits tax returns. The commissioner ruled that in computing the appropriate "payroll factor," RSA 77-A:3 II (Supp. 1977), Pandora could not include commissions paid by it to independent contractors. Pandora appealed the commissioner's ruling to the superior court, and, after submission of an agreed statement of facts, the Court (*Flynn*, J.) transferred without ruling all questions of law.

Pandora is a New Hampshire business corporation with its principal place of business in Manchester and is subject to the business profits tax. RSA ch. 77-A as amended (Supp. 1977). It manufactures knitted garments and sells them in New Hampshire and throughout the country. Although Pandora maintains a sales office in New York, its sales representatives are not employees of Pandora; rather, they are independent contractors over whom Pandora exercises no specific direction or control. These sales representatives are not paid a salary, but are instead paid a flat commission rate calculated on the gross income generated by the amount of merchandise they sell.

The sales representatives operate independently in various States, soliciting orders for Pandora's goods. Those orders are sent either to the New York office or to New Hampshire, and the goods are then shipped directly to the customer. During the three years in question, approximately ninety percent of the sales were the result of the actions of the independent contractors.

■ Pandora is entitled to apportion its revenues between New Hampshire and the other States for the purpose of measuring the business profit attributable to and subject to taxation in New Hampshire. RSA 77-A:3 (Supp. 1977). Apportionment in most cases is to be made pursuant to a three-factor formula set forth in RSA 77-A:3 (Supp. 1977), which in part reads:

> Except as hereinafter provided, such apportionment shall be made on the basis of the following three factors, equal weight to be given to each:
>
> I. The percentage of value of the total real and tangible personal property employed by the business organization everywhere as is employed by it in the operation of its business within this state;
>
> II. The percentage of the total wages, salaries, commissions and bonuses disbursed by the business organization to employees and salesmen everywhere as is disbursed by it for services rendered within this state. . . .
>
> III. The percentage of the total sales (including charges for services) made by the business organization everywhere as is made by it within this state. . . .

In each of the tax years 1972, 1973, and 1974, Pandora filed business profits tax returns with the department. In computing the tax due, Pandora included in both the numerator and denominator of the payroll factor, the dollar amount of commissions paid to the independent contractors. Because most of the contractors were outside the State, the inclusion of the commissions effected a decrease in both the percentage of payroll attributable to New Hampshire and the gross business profit attributable to the State.

RSA 77-A:3 (Supp. 1977) allows certain business organizations to allocate their gross business profits between New Hampshire and elsewhere by means of a three-factor allocation formula. One of those factors, the payroll factor, is defined in pertinent part as "[t]he percentage of the total wages, salaries, commissions and bonuses

disbursed by the business organization to employees and salesmen everywhere as is disbursed by it for services rendered within this state." RSA 77-A:3 II (Supp. 1977). The question we must answer is what the legislature meant when it used the phrase "wages, salaries, commissions and bonuses disbursed by the business organization to employees and salesmen."

As the parties point out, this is a case of first impression for this court and also one where the legislative history is particularly barren. We have recently considered the general meaning and applicability of the other two factors in the apportionment formula. *See St. Johnsbury Trucking Co. v. State*, 118 N.H. 209, 385 A.2d 215 (1978); *Scott & Williams, Inc. v. Bd. of Taxation*, 117 N.H. 189, 372 A.2d 1305 (1977); *Johns-Manville Prods. Corp. v. Commissioner of Revenue Adm'n*, 115 N.H. 428, 343 A.2d 221 (1975). If the issue were the reasonableness of the payroll factor our prior cases would be instructive, but, because the issue is a much narrower one, those cases are not dispositive of the question we face.

Pandora contends that the legislature could not have intended mere surplusage in the phrasing "employees and salesmen"; that is, the legislature must have intended to include within that phrase salesmen who are not employees. Pandora also contends that the inclusion of the word "individual" instead of the word "employee" later in the same sections indicates an intention to include persons other than employees. Although these arguments have certain merit, they cannot withstand prolonged scrutiny when the entire statutory scheme is considered. It is true that the word "salesmen" is susceptible of more than one meaning, and that it could mean either employees or nonemployees. Nonetheless, because employee salesmen usually receive commissions, we find it more plausible that the legislature intended by that phrase to include those employees of Pandora who receive that type of compensation. Neither the plain language rule nor the meaningless effect rule compel the result urged by Pandora. *See generally Kalloch v. Bd. of Trustees*, 116 N.H. 443, 445, 362 A.2d 201, 203 (1976); *Trustees v. Exeter*, 92 N.H. 473, 482, 33 A.2d 665, 671 (1943).

We are convinced that we must view the disputed language within the context of the whole statute and in relation to the purpose of section 3. *Plymouth School Dist. v. State Bd. of Educ.*, 112 N.H. 74, 289 A.2d 73 (1972); 2A J. Sutherland, Statutes and Statutory Construction § 46.05 (4th ed. C. Sands, 1973). The express

purpose of the allocation formula contained in RSA 77-A:3 (Supp. 1977) is to apportion "a fair and equitable proportion" of the taxpayer's business profits to New Hampshire. The statute is designed to measure that portion of the taxpayer's activities which takes place within the State so that a proper allocation of the taxpayer's tax liabilities can be made. *Cf. Scott & Williams, Inc. v. Bd. of Taxation*, 117 N.H. 189, 193–94, 372 A.2d 1305, 1308 (1977) (discussion of the sales factor in the allocation formula). The inclusion of "wages, salaries, commissions and bonuses disbursed" is not for the purpose of arriving at a net income figure, but rather is for the purpose of measuring the amount of business activity based upon the payroll factor that is allocable to the State. Pandora's payment of commissions to independent contractors is a business expense, but it is an expense irrelevant to the allocation formula contained in RSA 77-A:3 II (Supp. 1977), because it has no bearing on the amount of activity engaged in by the taxpayer within New Hampshire.

Moreover, business corporations can act only through their agents. It is reasonable to conclude that section 3 II refers to the taxpayer's employees and salesmen because only through employees can the taxpayer carry on "its" business activities. On the other hand, services performed by independent contractors are their own activities and not those of their supplier. We hold that commissions paid to independent salesmen are not to be included in calculating the payroll factor under RSA 77-A:3 II (Supp. 1977).

*Appeal dismissed.*