Belknap
No. 78-227

SCOTT & WILLIAMS, INC.

v.

BOARD OF TAXATION

AND

COMMISSIONER OF REVENUE ADMINISTRATION

March 23, 1979

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Dorothy M. Bickford* orally), for the plaintiff.

*Thomas D. Rath*, attorney general, and *Steven J. McAuliffe*, attorney (*Wilbur A. Glahn, III*, assistant attorney general, orally), for the defendants.

*William D. Dexter*, of Olympia, Washington, by brief and orally, for the Multistate Tax Commission, amicus curiae.

DOUGLAS, J. This case presents the issue of the amount of evidence necessary to prove that the plaintiff, Scott & Williams, Inc., is taxed or taxable in the foreign countries in which it sells its products. It is a continuation of an action in equity brought by Scott & Williams, Inc., under RSA 77-A:14 (Supp. 1977), for de novo review of the decision of the board of taxation upholding an assessment of additional business profits tax by the department of revenue administration for tax years

1970 and 1971. The questions of law presented to this court on an earlier appeal challenged the constitutionality of the business profits tax, RSA ch. 77-A. *Scott & Williams, Inc. v. Board of Taxation*, 117 N.H. 189, 372 A.2d 1305 (1977) (hereinafter *Scott & Williams I*). We held there that the statute, including its sales "throwback" provisions, was constitutional.

Both parties agreed in *Scott & Williams I* that the sales "throwback" provision "applies to sales delivered in foreign countries." 117 N.H. at 198, 372 A.2d at 1311. We remanded the case to the superior court to determine whether the plaintiff was taxable in any of the States or foreign countries in which it sold its products. On remand, the Master (*Walter D. Hinkley*, Esq.) recommended that the plaintiff's appeal be dismissed as to foreign sales because the plaintiff produced no evidence showing that it is taxable in any of the foreign countries in which it sells its products. The master's decision was approved by the Superior Court (*Keller*, C.J.), and the plaintiff's exception to the dismissal of its appeal was reserved and transferred by *Batchelder*, J. We affirm the dismissal of plaintiff's appeal.

Scott & Williams, Inc., is a Delaware corporation with its principal business office and sole manufacturing plant in Laconia, New Hampshire. It makes foreign sales either directly to foreign customers or through a wholly owned subsidiary corporation in Bruge, Belgium. Both parties agree that the corporation renders services in foreign sales areas which extend beyond the "mere solicitation of sales." Under RSA 77-A:3 (Supp. 1977), the plaintiff is entitled to apportion some of its taxable business profits. "The purpose of apportionment is both to protect a taxpayer from double taxation on the same income and to provide every state concerned with tax revenues in return for the benefits each has provided." *Scott & Williams I*, 117 N.H. at 195, 372 A.2d at 1309.

 The plaintiff contends that because foreign countries have the inherent power to tax as a matter of law, it is not required to present proof of the foreign country's power to tax. This argument ignores the precise language of RSA 77-A:3 (Supp. 1977). It is insufficient to show that foreign countries have the power to tax; the plaintiff must demonstrate that it is "taxable" in the foreign country in which it sells products. We have defined the word "taxable" in the "throwback" provision of RSA 77-A:3 III (Supp. 1977) as " 'subject to the jurisdiction' of a state to tax for purposes of entitling a business to apportion its income." *Scott & Williams I*, 117 N.H. at 197, 372 A.2d at 1311.

The taxpayer has the burden of showing that it is taxable in the foreign jurisdictions where its sales take place. *Scott & Williams I*, 117 N.H. at 196, 372 A.2d at 1310; *Johns-Manville Prods. Corp. v. Commissioner of Revenue Adm'n*, 115 N.H. 428, 430, 343 A.2d 221, 222 (1975), *dismissed for want of a substantial federal question*, 423 U.S. 1069 (1976). On remand the plaintiff presented no evidence of the actual jurisdictional standards for taxation in the foreign countries in which it does business or evidence that it came within these jurisdictional standards and was therefore subject to the tax jurisdiction of these countries. Although the plaintiff's foreign sales exceed the minimum jurisdictional requirement for taxation by other States under P.L. 86–272, 15 U.S.C. §§ 381–384 (1976), we noted previously that "the provisions of P.L. 86–272 have no bearing on the power of foreign countries to tax. " *Scott & Williams I*, 117 N.H. at 198, 372 A.2d at 1311. Because the plaintiff failed to meet its burden of proving that it is taxed or taxable, its appeal concerning foreign sales was properly dismissed. Our holding on this issue renders consideration of the other issues raised by the plaintiff unnecessary.

*Exceptions overruled.*

All concurred.