## MONTGOMERY WARD & COMPANY, INC. v. COMMISSIONER OF TAXATION.

151 N. W. (2d) 294.

May 12, 1967—No. 39,991.

*Douglas M. Head,* Attorney General, and *Don G. Paterick,* Special Assistant Attorney General, for relator.

*Timothy J. Halloran* and *Doherty, Rumble & Butler,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Certiorari to the Board of Tax Appeals.

Montgomery Ward & Company, Inc., conducts a general merchandising business partly within and partly without the State of Minnesota. Before 1959, and in line with established corporate policy, amounts up to $300,000,000 accumulated through retention of earnings from its nationwide business operations were held by it in anticipation of a change in the economic climate which would make expansion of the business operation profitable. Pending this anticipated development, the accumulated funds were invested outside of Minnesota in liquid securities yielding income which was not segregated from other current operating corporate income. In assessing the franchise tax payable by the corporation to the State of Minnesota for the years 1955 to 1958 inclusive, the commissioner of taxation included the earnings from these investments with income earned by the corporation in the conduct of its merchandising operations in the total income of which a proportionate part (i. e., the percentage of the whole derived by application of the three-factor formula set out in Minn. St. 290.19, subd. 1[2][a]) was considered to be income attributable to business operations conducted in and taxable by Minnesota. On appeal

to the tax court, this investment income was excluded from the total and the issue raised upon certiorari by the state is whether the tax commissioner's determination should be reinstated.

In essence, the problem is to determine whether the investment income received by the taxpayer during the period in question was in whole or in part income from intangible property employed by Montgomery Ward in the general retailing business which should be considered as income partly attributable to Montgomery Ward operations in the State of Minnesota within the meaning of § 290.17(4), which provides as follows:

"When a trade or business is carried on partly within and partly without this state, the entire income derived from such trade or business, *including income from intangible property employed in such business* * * *, shall be governed * * * by the provisions of section 290.19 [which set out the formula by which the total net income of a business conducted partly within and partly without the state is to be apportioned in determining the part of the total attributable to business activity in Minnesota] * * *." (Italics supplied.)

The commissioner of taxation having determined that the intangibles were employed in the nationwide business of which the Minnesota operations were a unitary part, the burden of proving the incorrectness or invalidity of the assessment was upon the taxpayer. Minn. St. 290.48, subd. 8; Western Auto Supply Co. v. Commr. of Taxation, 245 Minn. 346, 71 N. W. (2d) 797. Because at least a part of the income derived from the intangibles held by Montgomery Ward was employed in its general merchandising business, the decision of the Board of Tax Appeals must be reversed.

The controlling case is Great Lakes Pipe Line Co. v. Commr. of Taxation, 272 Minn. 403, 138 N. W. (2d) 612, appeal dismissed, 384 U. S. 718, 86 S. Ct. 1886, 16 L. ed. (2d) 881. In that case the question for consideration was whether income derived from short-term government obligations and commercial paper held by the taxpayer, a Delaware corporation with principal offices in Kansas City, Missouri, engaged primarily in the business of transporting refined petroleum

products by a pipeline system which extended into Minnesota, should be treated as income subject to apportionment under § 290.19. The determination of the Board of Tax Appeals that this investment income should be excluded from consideration in determining the tax payable under §§ 290.17(4) and 290.19 was reversed, the court reasoning:

(1) By the terms of § 290.17(4) income from intangible property employed in a business carried on partly within and partly without the state is to be included in determining the total income of which a percentage is to be assigned to Minnesota business operations.

(2) Intangible property is employed in a business if the corporation owning the intangible property holds it as a means of furthering the business operation of which a part is located within the territorial confines of this state.

(3) Where a business operation conducted in Minnesota is owned by a corporation which carries on business activity outside of the state different in kind than that conducted here, that conducted here is a part of the whole to the extent that the part conducted here and that conducted elsewhere is a unitary business as defined in Skelly Oil Co. v. Commr. of Taxation, 269 Minn. 351, 131 N. W. (2d) 632.

(4) The evidence established that the intangibles held by Great Lakes Pipe Line Company were a part of one unitary business operation (i. e., the business of transporting refined petroleum products by pipeline) because (a) the business activities produced the income used to purchase the intangibles; (b) the income from the intangibles was commingled with the business earnings of the corporation; the securities were at all times carried as current assets; and the same financial officers controlling the affairs of the pipeline company were responsible for the investments involved; (c) *the increase, gain, and principal of these intangibles was used entirely to pay various expenses and obligations of the business activities.*

The order of the Board of Tax Appeals now being examined was filed June 10, 1965. Our decision in Great Lakes Pipe Line Co. v. Commr. of Taxation, *supra,* was not filed until November 12, 1965.

All of the intangibles involved in the case before us were "employed" in the general merchandising business conducted by Montgomery Ward under the first two tests set forth in the Great Lakes Pipe Line case. Montgomery Ward claims that the last test—use of the "increase, gain, and principal" of the intangibles to pay expenses of its merchandising business—is not met since the primary purpose for which it acquired the intangibles was the *expansion* of its business. It argues that the intangibles therefore were not "employed" in its merchandising business.

The record indicates that the intangibles were carried on the corporate balance sheet as current assets and the income derived from the investments was commingled with other corporate business income in accounts used to pay ordinary business obligations. On the present record, the taxpayer has failed to sustain its burden of proving that the intangibles involved were not employed in its principal business. What the evidence might have been had our decision in the Great Lakes Pipe Line Company case been available at the time of the hearing before the Board of Tax Appeals, we do not know. It is possible that the taxpayer could show that for all practical purposes some part of the amounts up to $300,000,000 held during the period in question and invested in liquid securities was not actually used or usable in its merchandising operation in any significant sense. We recognize the possibility that at some point funds accumulated, held, and invested in anticipation of expansion of a business at a future, but indefinite, date have but a minimal relationship to the successful day-to-day operation of a general merchandising business. Presumably, corporate action segregating this fund was possible. But where the fund so held is not set aside as a reserve for future expansion and made unavailable for current operating expenses; where the management of the investment and reinvestment of corporate funds in the intangibles is entrusted to the corporate officers who manage the principal business; where the income from the intangibles is commingled with ordinary business income; and where the operating expenses of the business enterprise are paid generally from such commingled funds, the taxpayer's burden

of establishing that the intangibles were not employed in the principal business would seem to be an extremely difficult one. Nevertheless, in light of the unique circumstances of this case, we have concluded that the taxpayer should be given the opportunity of meeting this burden and of presenting evidence to the Board of Tax Appeals which may distinguish the present problem from that involved in the Great Lakes Pipe Line Company case.

Accordingly, the determination of the Board of Tax Appeals is reversed and the matter is remanded to it for further proceedings in conformity with the views expressed in this opinion.

Reversed and remanded.