428

Board of Taxation
No. 7048

JOHNS-MANVILLE PRODUCTS CORPORATION

v.

COMMISSIONER OF REVENUE ADMINISTRATION

July 31, 1975

*Orr & Reno* and *Mary Susan Galway* and *Gary A. Collver* of Colorado (*Ms. Galway* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general(*Mr. Cleaveland* orally), for the defendant.

PER CURIAM. This is an appeal under RSA ch. 541 from the decision of the board of taxation (board) to include in plaintiff's business profits tax liability (RSA ch. 77-A) an allocable portion of the gain from the sale of timberland in Natchez, Mississippi.

Plaintiff is a Delware corporation with places of business in New Hampshire, Mississippi and fourteen other States. It is engaged primarily in the manufacture of pipe, diatomite, insulations and

various industrial specialities. It operates manufacturing facilities in Nashua and Tilton, New Hampshire.

In 1946, it acquired about 36,000 acres of land in Mississippi. More acreage was added at various times between 1946 and 1970. It was acquired to provide timber to be used in the production of insulating board at its plant in Natchez. In 1966, the insulating board process was converted to a mineral based operation and plaintiff discontinued its wood fiberboard production in Mississippi and disposed of all its plant and equipment used in that operation.

Plaintiff continued to hold the land as an investment but did not make use of it and claims it intended never again to make use of it in carrying on any of its manufacturing business. The sale of the land in December 1971 resulted in a federal taxable gain of $15,935,170.00. Mississippi taxed the entire gain.

The board by its opinion of September 17, 1974, affirmed the action of the commissioner who had allocated a portion of the gain to New Hampshire. Rehearing was denied on October 2, 1974, and this appeal was thereafter filed.

The board found that the "timberland is attributable to business activity in New Hampshire" and that after the plaintiff stopped using the timber in its business, "the timberland was held as an investment by the corporation. The decision to sell the land in 1971 was made on the basis of a lack of an adequate rate of return on the investment. That no wood was harvested from 1965 to 1971 is immaterial. The land was held for the business purpose of producing profits. It therefore comes within the terms of RSA 77-A:3". The board did not pass on plaintiff's claim that the allocation was unconstitutional because of multiple taxation.

RSA 77-A:3 before its amendment (RSA 77-A:3 (Supp. 1973)) applies. It provides for the allocation to New Hampshire of a portion of a corporation's gross income derived from activities both within and without the State. The allocation is determined by a three-factor formula based on the percentage which 1) real and personal property, 2) payroll, and 3) sales in this State bear to the same factors everywhere. Provision is made for adjustment if the application of this formula does not fairly represent the company's activity in this State.

It is not disputed that the general law is as stated in plaintiff's comprehensive brief. A corporation conducting business both within and without a State may be taxed by that State on the basis of that part of the corporation's total income as is attributable to

the taxing State determined by a formula similar to that provided in RSA 77-A:3. *Hans Rees' Sons Inc. v. North Carolina,* 283 U.S. 123 (1930); *Butler Brothers v. McColgan,* 315 U.S. 501 (1942).

The assumption is made that all the income is reasonably related to the business activity in the taxing State because the business is a "unitary" one. Plaintiff does not dispute that except for this timberland its business is a unitary one. If any part of the total income is not, however, so related and may be identified, taxing any part of it would violate due process. *Hans Rees' Sons Inc. supra.* One who attacks an apportionment arrived at under the formula "carries a distinct burden of showing by 'clear and cogent evidence' that it results in extraterritorial values being taxed". *Butler Bros. v. McColgan, supra* at 507.

In this case, the timberland was acquired and used for the purpose of supplying the needs of plaintiff's unitary business until 1965. The board found that thereafter the land was being held for the "business purpose of producing profits" and that it was sold because it was not producing an adequate rate of return.

Even income from intangibles originally purchased only for investment purposes have been held taxable on an apportionment basis where the investment was held as a means of furthering the unitary business, was carried on the books as an asset, was purchased with income produced by the unitary business, the same officers controlled the business and the investment, and where the income and any gain was commingled with other income and used in the business. *Great Lakes Pipe Line Co. v. Commissioner of Taxation,* 272 Minn. 403, 138 N.W.2d 612 (1965); *Montgomery Ward & Co. v. Commissioner of Taxation,* 276 Minn. 479, 151 N.W.2d 294 (1967). The case for the defendant is even stronger here. The timberland was not originally purchased as an investment but was acquired and used as an integral part of plaintiff's unitary business for nineteen years. It then became obsolete for the purpose for which it had been purchased and used. The fact that it was not sold for six years during which time it was being held as an investment did not change its character as an asset of the unitary business.

Not only has the plaintiff failed to meet its burden under RSA 541:13 to show that the decision of the board was clearly "unreasonable or unlawful", but it has also failed to show by clear and cogent evidence that the order appealed from results in the taxation of extraterritorial values. *Butler Bros. v. McColgan supra.*

Plaintiff argues further that since Mississippi has taxed the entire

gain, the decision of the board will result in multiple taxation. Even if this were a valid objection *(Illinois Cent. R. Co. v. Minnesota,* 309 U.S. 157 (1940); *State Tax Comm'n v. Aldrich,* 316 U.S. 174 (1942); *Northwestern States Portland Cement Co. v. Minnesota,* 358 U.S. 450 (1959); *General Motors Corp. v. Washington,* 377 U.S. 436 (1964)), plaintiff's complaint should not be directed against New Hampshire whose tax is fairly apportioned and constitutionally proper.

*Appeal dismissed.*