Board of Taxation
No. 78-155

## RICHARDSON INVESTMENT MANAGEMENT, INC.

### v.

## NEW HAMPSHIRE BOARD OF TAXATION

March 23, 1979

*Elmer M. Richardson*, pro se, by brief, for the plaintiff.

*Thomas D. Rath*, attorney general (*Wilbur A. Glahn III*, assistant attorney general, by brief), for the Board.

LAMPRON, C.J.   The plaintiff brings this appeal pursuant to RSA ch. 541. It appeals a decision of the board of taxation denying it an abatement of a deficiency assessment of $616 plus interest. The State imposed the additional tax on the plaintiff after an audit of its business profits tax return for the year ending July 31, 1974. After a hearing, the board found that the plaintiff was a business organization "which

derives gross business profits from business activity within and without this State," and was subject to the business profits tax. RSA 77-A:3(a) (Supp. 1977). The board further found that the plaintiff was not entitled to apportionment of its gross business profits because it is *not* "subject to a net income tax, a franchise tax measured by net income or a capital stock tax in another State or . . . subject to the jurisdiction of another state to impose a net income tax or capital stock tax upon it whether or not such tax is or is not actually imposed." RSA 77-A:3 (Supp. 1977).

The plaintiff is incorporated in Delaware and maintains its commercial domicile in New Hampshire. During the tax year in question, plaintiff had gross receipts of $54,873 of which $49,300 were for services rendered in Massachusetts.

The plaintiff maintains that its gross business profits from business activity both within and without this State should be apportioned because it paid in Delaware "a capital stock tax." RSA 77-A:3(b) (Supp. 1977). Although the Delaware tax in question is measured by the authorized capital stock, the tax is imposed upon the corporation for the privilege of organizing, existing and doing business in the State. DEL. CODE tit. 8, §§ 501, 503; *see Commonwealth v. National Biscuit Co.*, 390 P.2d 642, 126 A.2d 821 (1958), *appeal dismissed for want of substantial federal question*, 357 U.S. 571 (1958). The plaintiff admits that it paid this *franchise tax* of $20 and a filing fee of $10 in 1974.

The New Hampshire business profits tax, RSA ch. 77-A, is similar to a corporate income tax. The reason for the apportionment provisions of RSA 77-A:3, is to avoid taxing in this State corporate *income* or *property* which is subject to taxation in another State. The possibility of double taxation is thereby eliminated. *See Johns-Manville Prods. Corp. v. Comm'r of Revenue Administration*, 115 N.H. 428, 343 A.2d 221 (1975), *appeal dismissed for want of substantial federal question*, 423 U.S. 1069 (1976). The Delaware franchise tax is based neither on the value of the corporate stock of plaintiff's corporation nor on any of the corporate property. Therefore, taxing the gross income of the corporation at its commercial domicile, New Hampshire, does not constitute double taxation, and the plaintiff cannot apportion its income under RSA 77-A:3(b). *See generally* 71 AM. JUR. 2d *State and Local Taxation* §§ 39, 277 (1973). The plaintiff has not claimed that it is subject to any income tax in Delaware or any other State that would subject it to double taxation. Accordingly,

*Appeal dismissed.*

All concurred.