LASSER, P.J.T.C.
Kettler Realty Corporation (taxpayer), a New Jersey corporation authorized to do business in the State of Virginia and *472 having New Jersey and Virginia source income from investment real estate, contests a New Jersey corporation business tax (CBT) deficiency assessment imposed by the Director of the Division of Taxation (Director) for tax years 1983, 1984 and 1985. Director, after determining that taxpayer did not maintain a regular place of business in Virginia, imposed a CBT deficiency assessment by allocating 100% of taxpayer’s income to New Jersey pursuant to N.J.S.A. 54:10A-6 (§ 6) but providing a credit pursuant to N.J.S.A. 54:10A-8 (§ 8) and N.J.A.C. 18:7-8.3(b) for corporate income tax paid to Virginia. The principal issue concerns the treatment of capital-gain income of $1,534,508 from the sale of a Virginia commercial building owned by taxpayer. Taxpayer contends that New Jersey may not tax this Virginia source income.
I.
After audit and a conference between the parties, Director issued a final determination letter, dated August 2, 1990, to taxpayer imposing a net income and net worth CBT deficiency assessment of $4,312 for 1983, $2,368 for 1984 and $45,608 for 1985, plus interest and penalties. In the final determination letter, Director stated that taxpayer did not maintain a regular place of business as defined in N.J.A.C. 18:7-7.2 outside New Jersey during the tax years at issue. Consequently, in accordance with N.J.S.A. 54:10A-6, Director determined that all of taxpayer’s income for 1985, including gain from the sale of taxpayer’s Virginia property, was properly included in taxpayer’s New Jersey income subject to credit for tax paid to Virginia.
At trial, the parties presented joint exhibits including federal, New Jersey and Virginia corporate tax returns as well as answers to interrogatories propounded by Director to taxpayer. Taxpayer also presented testimony by its Vice President and Secretary, Siegfried Von Juergensonn, concerning its business *473 activities and real properly holdings in New Jersey and Virginia.
The following facts were elicited from the answers to interrogatories and evidence presented at trial. Taxpayer, a real property leasing and management company, was incorporated in New Jersey in 1969. Taxpayer is individually-owned by a German national, Heinz Kettler. Kettler also owns Kettler Metallwarenfabrik Gmbh. & Co. (Kettler-Germany), a German manufacturing concern which markets its products in the United States. Kettler-Germany had two subsidiaries, Kettler International and Kettler of America, the latter of which was dissolved in 1974. Taxpayer has owned and operated a 59,000-square foot office and warehouse in Mahwah, New Jersey since 1969. This property is rented to various tenants.
Taxpayer was authorized to do business in Virginia as a foreign corporation during the tax years in issue. Taxpayer purchased land and a commercial building at 4725 Virginia Beach Blvd., Virginia Beach, Virginia in January 1981. This property was leased to Kettler-Germany from January 1, 1981 to December 31, 1984. In response to Director’s interrogatories, taxpayer stated that it used office space at this address in Virginia from 1981 through 1984.
Taxpayer sold the Virginia Beach property on August 6, 1984 for $4,000,000. This transaction was reported as a deferred installment sale on taxpayer’s 1984 federal and state tax returns, and the $1,534,508 gain was reported as taxable income on taxpayer’s 1985 federal and state tax returns.
After the 4725 Virginia Beach Blvd. property was sold in 1984, Kettler-Germany’s subsidiary, Kettler International, leased office space at 2644 Barrett Street, Virginia Beach, Virginia. Von Juergensonn testified that taxpayer occupied office space in Kettler International’s office at this location in 1984 and 1985.

*474
Taxpayer’s Business Activities.

Von Juergensonn testified at trial that he was taxpayer’s sole officer in New Jersey, but that he was not an employee of the company. He stated that taxpayer had no employees. His duty as an officer was the management of taxpayer’s real property, which included oversight of the maintenance and repair of the property by independent contractors, collection of rents, negotiation of leases and maintenance of taxpayer’s books and records. Von Juergensonn testified that he was not issued business cards by taxpayer because he conducted a limited number of transactions for the company. Von Juergensonn stated that he was compensated by commissions paid by Kettler-Germany to a company he owned, International Products Trading, Inc. (International Products), as well as by a rental allowance on space leased by International Products in taxpayer’s Mahwah, New Jersey building.
Von Juergensonn’s testimony and taxpayer’s answers to interrogatories reveal the following facts about taxpayer’s activities. Taxpayer used office space at International Products’ offices in the Mahwah, New Jersey property beginning in 1974, in taxpayer’s Virginia Beach property from 1981 to 1984 and in property leased by Kettler International in Virginia Beach thereafter. The Kettler Realty name was not displayed on interior or exterior doors or on the building at these locations. Taxpayer used a telephone which was part of International Products’ telephone system. Taxpayer had business stationery with the Mahwah, New Jersey address only. Although Von Juergensonn testified that taxpayer’s books and records were moved from its New Jersey office to Virginia Beach in 1981, the New Jersey and Virginia corporate tax returns for 1983, 1984 and 1985 state that the corporate books were located in Mahwah, New Jersey. Taxpayer did not have a lease agreement with International Products for the rental of space in New Jersey. Instead, Von Juergensonn testified that he charged taxpayer at one- or two-year intervals for rent, administrative, secretarial and other operating expenses incurred by International Products on behalf of taxpayer.

*475
The New Jersey CBT Deficiency Assessment.

A summary of taxpayer’s 1983 through 1985 New Jersey[1] and Virginia tax returns and Director’s CBT redetermination follows:
New Jersey
Net Income Tax
Total Tax Computed by Director Total Tax § 8 Credit As Reported — For Tax Paid by Taxpayer To Virginia Deficiency
1983 $ 10,748 $ 1,773 $ 5,842 $ 3,133
1984 6,028 2,240 2,984 805(rounded)
1985 150,305 10,160 94,778 45,367
Net Worth Tax
Total Tax Computed by Director Total Tax As Reported by Taxpayer = Deficiency
1983 $1,413 $ 233 $1,180
1984 1,563 200 $1,5632
1985 1,441 1,200 241
Virginia Corporation Income Tax Paid to _Virginia_ Director’s Credit For Tax Paid to _Virginia
1983 5,843 $ 5,842
1984 4,039* 2,984*
1985 96,101* 94,778*
A. The Net Income Tax Deficiency Assessment.
Taxpayer allocated the following percentages of its corporate *476 income to New Jersey, using the § 6 allocation formula,[3] and to Virginia during tax years 1983 through 1985:
Allocated to Allocated to
New Jersey Virginia on
on New Jersey Virginia
return return
1983 10% 83.3624%
1984 20.4736% 78%
1985 83.2875% 33.28752%
The New Jersey CBT net income tax rate was 9% for tax years 1983 through 1985. Virginia’s corporate income tax rate for these years was 6%. Virginia and New Jersey use the three-factor allocation formula to derive income attributable to the state. N.J.S.A. 54:10A-6; Va. Code Ann. 58.1-408 et seq. There is no evidence that Virginia imposes a tax on corporate net worth.
For tax years 1983 and 1984, taxpayer’s reported income was derived solely from rent from the New Jersey and Virginia properties. For tax year 1985, taxpayer’s income consisted of rental income from its New Jersey property, interest income and the gain it recognized on the sale of the Virginia Beach property. Taxpayer excluded this gain entirely on its 1985 New Jersey CBT return and reported the gain on an unallocated basis on its Virginia corporation income tax return. No authority has been furnished by taxpayer to support the report of this gain by taxpayer, a New Jersey corporation, to Virginia on an unallocated basis.
Director determined that for tax years 1983 through 1985 taxpayer was not entitled to use the § 6 allocation formula *477 because it did not maintain a regular place of business in Virginia. Director recomputed taxpayer’s New Jersey CBT based on a 100% allocation to New Jersey pursuant to the alternative allocation factor provided by § 6. N.J.S.A. 54:10A-6. However, in accordance with § 8 discretionary authority, provided to Director in cases where it appears that the income allocation computed under § 6 does not fairly and properly reflect a taxpayer’s business activity in New Jersey, and the procedure set forth in N.J.A.C. 18:7—8.3(b), Director modified taxpayer’s CBT liability by providing a credit for corporation income tax paid to Virginia.
Taxpayer’s deficiency assessment was determined by Director allocating 100% of taxpayer’s 1985 entire net income of $1,670,050 to New Jersey and applying the 9% CBT rate to this amount, for a total net income tax liability of $150,305. Director then allocated to Virginia: (1) 100% of the gain from the sale of 4725 Virginia Beach Blvd. ($1,534,508) and applied the 6% Virginia tax rate, for a credit of $92,070, and (2) 33.2875% of taxpayer’s 1985 total earned income of $135,542 ($45,119) and applied the 6% Virginia corporate tax to this amount to derive a credit of $2,707, and a total net income tax credit of $94,778 (rounded). Director determined that taxpayer’s 1985 net income tax deficiency assessment after the § 8 adjustment and after credit of $10,160 for tax paid with taxpayer’s CBT return is $45,367 ($150,305-$94,778-$10,160).
B. The Net Worth Deficiency Assessment.
Director’s net worth tax redetermination is based on the following net worth bases:
Director’s
Tax Return. Redetermination.
Net worth Tax Net worth Tax
1983 $ 116,543 $ 233 $ 706,324 $1,413
1984 650,815 200 1,041,861 1,563
1985 1,200,023 1,200 1,440,820 1,441
In its 1983 New Jersey CBT return, taxpayer allocated 16.5% of total assets to New Jersey. In its 1984 return, taxpayer *478 allocated 20.4736% of total assets to New Jersey and in 1985 taxpayer allocated 83.2875% of total assets to New Jersey but excluded the gain on the sale of the Virginia property.
For 1983, Director used real and tangible personal property everywhere as the net worth tax base. For 1984, Director included a portion of the deferred installment sale gain as an asset and for 1985 it appears that the installment sale gain is included in the net worth tax base.
Net worth is defined in the CBT regulations as the aggregate of the values disclosed by the books of a corporation for capital stock and surplus. N.J.A.C. 18:7-4.1. Taxpayer has not specifically questioned Director’s redetermination of the net worth tax and because there has been no showing that the redetermined tax is unreasonable or unfair or that there is duplication of tax on net worth, Director’s net worth tax determination will not be modified.
II.
Taxpayer contends that the CBT computation method used by Director subjects it to double taxation of its corporate income in violation of the Due Process and Commerce Clauses of the United States Constitution. It argues that the State of Virginia requires taxpayer to pay tax on its Virginia rental income and on the gain from the sale of the Virginia Beach Blvd. property. Taxpayer acknowledges that Director has provided a § 8 credit for corporate tax paid to Virginia, but contends that Virginia income should have been excluded from the New Jersey return rather than included and modified by a credit.
Director asserts that because taxpayer is a domestic corporation, the New Jersey corporation business tax allocation and adjustment computations have been correctly applied to taxpayer’s income. Director argues that taxpayer did not meet the statutory and judicially-mandated requirements for allocation to a regular place of business outside New Jersey during tax years 1983 through 1985. Further, Director claims that the discretionary credit for tax paid to other jurisdictions used to *479 offset taxpayer’s CBT liability corrects any possible duplicate taxation taxpayer may suffer by paying corporate income tax to both New Jersey and Virginia, and is the only remedy available to this taxpayer.
III.
This case involves a New Jersey corporation owning real property in Virginia which produced rental income and gain on its sale. Both states have the right to tax this income, Virginia, because the income has its source within that state and New Jersey, because taxpayer is domesticated within this State.[4]
New Jersey limits its taxing power under § 6 and N.J.A.C. 18:7-8.1 by providing a credit for tax paid to a foreign state if a taxpayer does not have a regular place of business there when this type of adjustment would provide a fairer reflection of the taxpayer’s net income, net worth and business activity. N.J.S.A. 54:10A-8(e); N.J.A.C. 18:7-8.3. See F.W. Woolworth Co. v. Director of Div. of Tax., 45 N.J. 466, 497-98, 213 A.2d 1 (1965). In accordance with § 8 and N.J.A.C. 18:7-8.3, Director may use any adjustment method that results in a fair and proper allocation of income to New Jersey.[5]
The allocation method used by taxpayer to compute its New Jersey 1985 net income tax liability wholly excluded the gain *480 from the sale of the Virginia Beach property. Taxpayer reduced its 1985 gross income by the $1,534,508 capital gain and reported entire net income of $135,542. Taxpayer then allocated 83.2875% of this amount ($112,890) to New Jersey and, applying the 9% tax rate, reported its 1985 New Jersey net income tax as $10,160.
To determine its 1985 Virginia corporate income tax, taxpayer reported 100% of the gain from the Virginia Beach sale ($1,534,508) and allocated 33.28752% of earned income to Virginia ($201,790 X 33.28752% = $67,171). Taxpayer reported total income subject to Virginia tax of $1,601,679 ($1,534,508 + $67,-171) and calculated its 1985 Virginia corporate tax to be $96,101 ($1,601,679 X .06).
N.J.A.C. 18:7-8.3(b) is entitled “Reduction in tax for income duplicated on a return filed with another State pursuant to N.J.S.A. 54:10A-8 and this rule-100 percent allocation factor.” The regulation provides for a reduction in tax where a taxpayer’s § 6 allocation factor is 100%, but the taxpayer has acquired a taxable “status” in another state and has paid tax on the same income to the other state resulting in a duplication of income taxed. Director recomputed taxpayer’s 1985 New Jersey net income tax pursuant to N.J.A. C. 18:7-8.3(b)(2), example 1 which describes the treatment of gain from the sale of real property in a foreign state by a domestic corporation with a 100% allocation factor.
Director allocated 100% of taxpayer’s income to New Jersey, but provided a 100% credit for tax paid to Virginia on the $1.5 million gain from the sale of taxpayer’s Virginia Beach property.[6] Director also allocated 33% of taxpayer’s other income to Virginia. The total credit provided by Director was $94,778. This credit approximates the Virginia tax of $96,101 actually *481 paid by taxpayer in 1985 and imposes a New Jersey income tax of $55,527 which, based on taxpayer’s activities in both states, is an appropriate reflection of the income attributable to New Jersey and the benefits conferred on this New Jersey taxpayer by this State.
Fairness of Director’s use of § 8 and the accompanying regulation to reduce taxpayer’s New Jersey CBT may be judged by comparing the methods used by taxpayer and Director with the three-factor allocation formula, which has long been regarded as the method designed to achieve fairness in the allocation of income when a taxpayer maintains a regular place of business out-of-state. Hess Realty, supra, 10 N.J.Tax at 85-87 (citing F.W. Woolworth, supra, 45 N.J. at 496, 213 A.2d 1; General Motors Corp. v. District of Columbia, 380 U.S. 553, 85 S.Ct. 1156, 14 L.Ed.2d 68 (1965)).
The computation of taxpayer’s 1985 net income tax using the three-factor formula would be:
Property Factor Receipts Factor Wages Factor
New Jersey $584,322 $ 255,760 $0_
Everywhere $584,322 = 1.0 $1,918,676 = .1333 $0=0
The business allocation factor for New Jersey would then be 56.67% (1.0 + .1333 = 1.1333 -h 2). N.J.A.C. 18:17-8.1(c). Applying 56.67% to taxpayer’s 1985 taxable income of $1,670,050 would yield taxable income allocable to New Jersey of $946,417. Pursuant to this allocation method, taxpayer’s 1985 New Jersey net income tax liability at 9% would be $85,178 in contrast to Director’s calculation of net tax liability at $55,527 and taxpayer’s reported tax of $10,160.
Since Director followed the dictates of § 8 and N.J.A.C. 18:7-8.3 and derived a New Jersey net income tax lower than the allocation formula relief sought by taxpayer, Director cannot be said to have acted unfairly in this matter. I find that Director’s § 8 credit computation pursuant to the regulation is a fair *482 allocation that does not result in the imposition of excessive tax by New Jersey. It would appear that taxpayer’s quarrel is not with the State of New Jersey, but with taxpayer’s preparation of its Virginia tax returns which did not provide for allocation of the gain from the sale of the Virginia property. See Johns-Manville Products Corp. v. Commissioner of Rev. Adm., 115 N.H. 428, 343 A.2d 221 (1975), app. dism. 423 U.S. 1069, 96 S.Ct. 851, 47 L.Ed.2d 79 (1976) (where New Hampshire and Mississippi both taxed income from the gain on the sale of property located in Mississippi, the New Hampshire Supreme Court stated that taxpayer’s argument was not with the State of New Hampshire because its tax was fairly apportioned and constitutionally proper).
In tax years 1983 and 1984, the tax imposed by Virginia and the tax imposed by New Jersey on corporate net income after credit for the Virginia tax is similar in amount (1983 New Jersey—$4,906, Virginia—$5,843; 1984 New Jersey—$3,045 (rounded), Virginia—$4,039). In these years, taxpayer’s income was from rentals from its two buildings and the amount of gross rentals from these buildings was also similar. It therefore appears that Director’s § 8 adjustment for these years is not unfair.
The deficiency assessment of Director is affirmed and the Clerk of the Tax Court is directed to enter judgment accordingly.

 Difference attributable in large part to different treatment by New Jersey of depreciation deduction.

Taxpayer filed two New Jersey CBT returns for tax year 1984. The first return, filed September 16, 1985, reported total CBT of $2,440. The second return, filed October 21, 1985, reported total CBT of $2,435. In its final determination of taxpayer’s CBT liability, the Division of Taxation relied on taxpayer’s September 16, 1985 return. Since the difference in total CBT reported on these returns is $5, the figures shown are based on the Division’s use of the September 16, 1985 return.

The New Jersey CBT allocation formula is designed to tax corporate net income and net worth of a multi-state corporation attributable to New Jersey. N.J.S.A. 54:10A-6; N.J.A.C. 18:7-8.1. Under § 6, corporate net income attributable to New Jersey is calculated by applying a "business allocation factor” to total corporate income. The business allocation factor is computed from the average of three ratios: (1) property located in New Jersey divided by property located everywhere, (2) wages paid in New Jersey divided by wages paid everywhere and (3) receipts from New Jersey divided by receipts everywhere. N.J.A.C. 18:7-8.1(a).

Unlike the corporation in Allied-Signal, Inc. v. Director, Taxation Div., —U.S.-, 112 S.Ct. 2251, 119 L.Ed.2d 533 (1992), the subject taxpayer is domiciled in the State of New Jersey.

The issue in this case is the fairness of Director’s § 8 adjustment, not whether taxpayer maintains a regular place of business in Virginia. Liberal construction of § 8 by Director and the courts to reflect and adjust out-of-state source income regardless of the maintenance of a regular place of business out-of-state now makes the requirement of a regular place of business of less significance. Modern business practices, particularly sophisticated communication modes, make it less necessary to maintain traditional places of business out-of-state with employees in attendance on a regular basis. See Hess Realty Corp. v. Taxation Div. Director, 10 N.J.Tax 63, 77, n. 8 (Tax Ct.1988). Cf. Quill Corp. v. North Dakota, —U.S.-,-, 112 S.Ct. 1904, 1907, 119 L.Ed.2d 91 (1992).

Regulation 18:7—8.3(b)(2)(i)(2) states that "[t]he formula apportionment used in the foreign state may not exceed the Business Allocation Factor as determined under § 6 of the Act and these rules." It appears that Director's calculation of the 1985 New Jersey tax reduction may not have utilized this provision in its calculation.

I note that in the final determination, the Division reduced taxpayer’s 1984 recomputed CBT by taxpayer’s net income tax paid ($2,240), not by total CBT paid ($2,440), so that the deficiency was $1,563 instead of $1,363.